G. W. GILLESPIE, *et al.*, v. ALEXANDER HUDSON.

MALICIOUS PROSECUTION; *Action for.* An action for malicious prosecution can be maintained only when the prosecution has terminated and the defendant has been discharged or acquitted.

*Error from Doniphan District Court.*

ACTION for malicious prosecution, brought by *Hudson* against *G. W. Gillespie* and *William Ketchum.* The petition

alleges that *Gillespie* had commenced a criminal action against *Hudson*, charging him with the larceny of a certain raft of saw-logs belonging to *Gillespie & Ketchum*, and that said charge was false, and said action malicious. Defendants answered that said action was commenced in good faith, and without malice, and that they had probable cause to believe the matters charged were true. Other facts are stated in the opinion. The action was tried at the September Term 1872 of the district court. Verdict and judgment for plaintiff, and *Gillespie* and *Ketchum* bring the case here on error.

*D. Martin*, for plaintiff in error:

1. The petition was insufficient, and the defect was not cured by the subsequent pleadings. The petition did not allege that the criminal prosecution was ended, nor that the defendant was acquitted or discharged. This was a fatal omission, and all evidence should have been excluded.

The action ought to have been dismissed as to defendant Ketchum, or no evidence ought to have been admitted against him, because there was no allegation charging him with malice. The averment of malice is essential in all actions for malicious prosecution.

2. The demurrer to the evidence should have been sustained. After the evidence was all in, it did not appear either that the prosecution was ended, or that the defendant therein was acquitted or discharged. For aught that appears, the criminal prosecution is still pending against Hudson. One essential and indispensable element of a case of malicious prosecution was therefore wanting; and the demurrer should have been sustained. [In support of this proposition counsel refer to the cases cited by the court, *infra*, and also the following: 1 Salk., 15; 1 Esp., 80; 9 East, 157; 1 Hilliard on Torts, 450, ch. 16, § 26; 3 Phil. on Ev., 253; 18 Wis., 337; 6 Hill, 344; 2 N. & M., 143; 6 Barb., 426; 8 Ire., 516.]

3. That the first instruction asked by and given at the request of the plaintiff below was erroneous, is apparent at a glance. It says in so many words, that if the prosecution

was commenced without probable cause, then the jury will find for the plaintiff; while all the authorities are to the effect that the plaintiff must show *both* malice and want of probable cause, in order to maintain an action for malicious prosecution. As this court has heretofore recognized this fundamental principle it is unnecessary to make further reference: *Malone v. Murphy*, 2 Kas., 250.

4. The instruction given by the court of its own motion was erroneous, and highly prejudicial to defendants below. It was based upon the assumption that there could be no larceny of logs floating or stranded in a river, because the salvage law of 1869 gives the owner a civil remedy for the recovery of double their value. This was the *rationale* of the instruction, as expounded by the court below. On any other hypothesis the instruction would be highly objectionable as an unwarrantable interference by the court with the duties and functions of the jury.

*N. B. Wood, B. O'Driscoll,* and *Price & Webb,* for defendant in error:

Two main questions are in this case: 1st, Was this action an action for false imprisonment, or was it an action for malicious prosecution? The district court held it to be an action for a malicious prosecution, which we say was error, but it was not such an error as plaintiff has a right to complain of. In support of our views see 1 Kas., 116; and *Bauer v. Clay*, 8 Kas., 580.

If this was an action for a malicious prosecution, was it necessary for the defendant in error to show that he had been regularly discharged upon trial, or was it sufficient to show that the prosecution was abandoned by plaintiffs in error? Upon this point the ruling of the court below was right. 36 Conn., 56.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought his action in the district court for malicious prosecution, and recovered a judg-

ment against the plaintiffs in error for one hundred dollars. One point seems to us decisive of the case. It is well settled that a defendant in a criminal proceeding who brings his action of damages against the parties instituting the same for malicious prosecution must allege in his petition, and show on the trial that the prosecution has been ended, and he discharged or acquitted. *Whithworth v. Hall,* 2 Barn. & Adolp., 695; 1 Chitty's Pl., 679; *Cole v. Hawks,* 3 Monroe, 208; *Spring v. Besore,* 12 B. Mon., 551; *Wood v. Lacock,* 3 Metc., (Ky.,) 192; *Bacon v. Towne,* 4 Cush., 217; *Parker v. Farley,* 10 Cush., 279; *Bacon v. Waters,* 2 Allen, 400; *Davis v. Clough,* 8 N. H., 157; *Gorrill v. Snow,* 31 Ind., 215; *Wheeler v. Nesbitt,* 24 How., (U. S.,) 544. It is even held in Massachusetts that a dismissal and discharge is insufficient to sustain this action, and that there must be a trial and acquittal. See the cases in Cushing's Reports above cited. The pleadings fail to show any such termination of the prosecution. The petition, after alleging a complaint, a warrant, an arrest, and a continuance, adds this allegation—"that since that time the said defendant William Ketchum nor the said defendant G. W. Gillespie have not further prosecuted said complaint, but have abandoned the same." The answer admits that at the solicitation of the friends of the plaintiff "the defendants consented not to insist upon the further prosecution of the plaintiff unless the county attorney insisted on the same." This is all there is in either pleading bearing on this point. As the criminal prosecution is under the control of the county attorney, it may, for aught that appears, be still pending, or even have been prosecuted to the conviction of the defendant. When we turn from the pleadings to the testimony we find the same lack. The record of the justice before whom the criminal proceedings were had was not offered in evidence, nor any attempt made to prove its contents. The following is all the testimony on this question: The defendant in error over objection testified, "I was never tried in that case. Gillespie abandoned it. I did not know it till the day I went to Atchison to the justice's office for

trial.    Milt. Dix informed me that Gillespie had abandoned it."    And James Hudson in like manner testified that he "went with Alexander Hudson to the justice's office and there learned prosecution was abandoned."    A demurrer to the evidence was interposed, but was overruled.    We think the demurrer should have been sustained.    Neither pleading nor proof show any right to recover.    The case will be remanded with instructions to set aside the judgment in favor of the defendant in error Alexander Hudson, and to enter a judgment in favor of the plaintiffs in error G. W. Gillespie and William Ketchum, for costs.

All the Justices concurring.