Statement.

# Wytheville.

## WARD v. REASOR.

### JUNE 28, 1900.

#### Absent, Riely, J.*

1. PLEADING—*Malicious Prosecution—Declaration—Finality of Prosecution.*—In an action for malicious prosecution it must be charged and proved, amongst other things, that the prosecution alleged in the declaration was conducted to its termination, and that it ended in the final acquittal of the plaintiff. An allegation that an offence of which a justice of the peace had jurisdiction was dismissed by him "without the introduction of any testimony" or that the defendant "without the introduction of any testimony" caused the plaintiff to be discharged, and not prosecuted for said offence, is not such an averment of the final termination of the prosecution as will support an action for malicious prosecution. It amounted to no more than a *nolle prosequi,* which was no bar to a further prosecution for the same offence. It did not establish the innocence of the plaintiff, or show want of probable cause on the part of the defendant.

Error to a judgment of the Circuit Court of Lee county, rendered November 15, 1898, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Duncan & Hyatt* and *Bullitt & Kelly,* for the plaintiff in error.

*Judge Riely was prevented by sickness from attending this term.

*R. T. Irvine* and *Pennington Bros.*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a writ of error awarded the plaintiff in error to a judgment of the Circuit Court of Lee county, rendered against him on behalf of the defendant in error in an action for malicious prosecution.

The sole question for decision is whether or not the court below erred in sustaining the defendant in error's demurrer to the declaration filed by the plaintiff in error.

There are two counts in the declaration, and it appears that the defendant in error on the ——— day of —————, 1898, caused to be issued by one J. D. Ollinger, one of the justices of the peace in and for the county of Lee, a warrant, charging the plaintiff in error with having feloniously stolen three certain hogs, the property of the defendant in error; that the plaintiff in error was arrested and brought before the said justice, who required him to give bond, with security, in the penalty of $300, for his appearance for trial before said justice, or such other justice of said county as might be then there on the ——— day of —————, 1898; that the plaintiff in error on the day named appeared before one James Smith, another of the justices of the peace for the county of Lee, who, without hearing any evidence whatever as to the guilt or innocence of the plaintiff in error of the offence charged in the warrant, discharged him, and dismissed the warrant.

The ground upon which the demurrer was sustained is that the declaration does not sufficiently allege the termination of the prosecution; that is, that it ended in the final acquittal and discharge of the accused. The allegation of the first count of the declaration on this subject is:

" Without the introduction of any testimony, the said defendant had the said justice to dismiss said warrant, and the said defendant has not further prosecuted his said complaint, but has deserted and abandoned the same, and the said complaint and prosecution is now wholly ended."

The allegation of the second count is:

" The said defendant, without the introduction of any testimony against the plaintiff, and without giving to the said plaintiff the opportunity of defending himself against said false and malicious charge and showing his innocence therein, caused said plaintiff to be discharged, and not prosecuted for said offence."

Counsel for the plaintiff in error say that the action taken before the justice—the dismissal of the warrant, was equivalent to a *nolle prosequi,* and contend that it is a final determination of that prosecution, whereby this action may be maintained.

There are a number of decisions by courts of other States holding that a *nolle prosequi* is sufficient to maintain an action of malicious prosecution, but the text writers, as far as we have been able to investigate, hold the contrary view. Mr. Greenleaf in volume 2, section 452, says: " It must appear that the prosecution is at an end. If it was a criminal prosecution, it must appear that the plaintiff was acquitted of the charge. It is not enough that the indictment was ended by the entry of a *nolle prosequi.*"

Burks, J., in *Scott & Boyd* v. *Shelor,* 28 Gratt. 891, quotes with approval 1 Hilliard on Torts: "Although an action cannot be maintained unless the plaintiff has been fully acquitted, and a *nolle prosequi* is not sufficient, the plaintiff is not bound to prove that he was acquitted by the jury promptly, without hesitation, delay or deliberation."

The doctrine that the plaintiff must allege and prove that he

was fully acquitted, and that a *nolle prosequi* is not sufficient, is sustained by our own eminent text writers. 4 Minor's Inst. 478; Barton's L. Pr. 183.

In *Scott & Boyd* v. *Shelor, supra,* where there was a verdict and judgment for the plaintiff for a malicious prosecution, and the judgment affirmed by this court, the opinion says: " To have warranted the verdict of the jury, it must have been proved on the part of the plaintiff; first, that the prosecution alleged in the declaration had been set on foot and conducted to its termination, and that it ended in the final acquittal of the plaintiff," &c. *Womack* v. *Circle,* 32 Gratt. 335. In the last named case, a peace warrant had been sworn out by the defendant against the plaintiff, and, upon hearing the evidence adduced for and against the accused, the justice required her to enter into bond with security to keep the peace for one year, and she appealed to the County Court, where the attorney for the Commonwealth abandoned and dismissed the prosecution. Circle then instituted her suit against Womack for malicious prosecution, and obtained a verdict and judgment. Upon a writ of error to this court, the judgment was set aside for misdirection of the jury by instructions, and a new trial awarded. It was said by Anderson, J., in the opinion: " The attorney for the Commonwealth was not the arbiter of the guilt or innocence of the accused, and his opinion, however honestly formed, was not evidence of her guilt or innocence. A judgment so obtained, not upon evidence, but upon an abandonment of the prosecution by the Commowealth's attorney, could not establish the innocence of the plaintiff in this suit, and lay the foundation for this action. Much less would it show want of probable cause for the prosecution; and it, most probably having influenced the verdict of the jury, the judgment should be reversed on that ground."

The opinion cites *Bacon* v. *Towne,* 4 Cush. 217, where it was held that a discharge from an indictment by a *nolle prosequi*

is not sufficient to maintain an action of malicious prosecution, and that the mere abandonment of the prosecution, and the acquittal of the accused, are no evidence of a want of probable cause. The opinion in that case, by Shaw, C. J., says:

" It must appear before this action will lie, that the defendant in the indictment has been fully acquitted."

Notwithstanding the warrant in the case at bar charges that the larceny committed was felonious, the justice before whom the accused (defendant in error) was brought for trial was clothed with power to convict or acquit him upon hearing the evidence. The offence charged in the warrant is a misdemeanor under our statute, the word "feloniously" being used to characterize the intent with which the taking and carrying away was done—a felonious intent being an essential ingredient in the crime of larceny, whether grand or petit, distinguishing it from a mere trespass. *Wolverton* v. *Commonwealth,* 75 Va. 911.

In this case, therefore, the justice, with full power upon hearing the evidence to convict or acquit the defendant in error of the charge made in the warrant, without hearing any evidence, dismissed the warrant and discharged him. This action amounted to no more than the assent of the justice to a cessation of the proceedings without any examination whatever of the cause upon its merits. It was the equivalent of a *nolle prosequi*—nothing more—and could not establish the innocence of the defendant in error, nor show want of probable cause for the prosecution.

The case of *Jones* v. *Finch,* 84 Va. 207, very much relied on by counsel for defendant in error, was a similar action to this, and it was there held that a discharge of the accused brought before a commissioner of the United States Court upon the charge of robbing the United States mail, the commissioner being clothed with the power to send the accused on for trial or discharge him, was a sufficient termination of the prosecution to maintain an action of malicious prosecution; but the court,

in reaching that conclusion, emphasizes the fact that the declaration alleged that the commissioner discharged the accused, and dismissed the warrant *upon hearing the evidence.* That is not this case.

While the declaration here does allege that the prosecution, upon which this action is found, " is now wholly ended," it is but an allegation of a conclusion of law, not warranted by the facts recited, and upon which it is made. They do not convey the idea of trial and acquittal, but import only a cessation of the proceedings without any examination whatever of the case upon its merits, and was, therefore, no bar to the institution of another prosecution for the same offence. *McCann's Case,* 14 Gratt. 570.

We are of opinion that there is no error in the judgment complained of, and it is affirmed.

*Affirmed.*