## Staunton.

### GRAVES V. SCOTT AND ANOTHER.

September 14, 1905.

1. MALICIOUS PROSECUTION—*Termination of the Prosecution.*—In an action for malicious prosecution it is essential for the plaintiff, amongst other things, to allege and prove that the criminal prosecution which is the basis of the action has terminated in a manner not unfavorable to the now plaintiff. There need not have been a trial on the merits. It is sufficient that the prosecution has terminated in such manner that it cannot be reinstated nor further maintained without commencing a new proceeding. Only the particular prosecution need be ended. It is immaterial that a new one for the same alleged offence may be set on foot. *Ward v. Reasor,* 98 Va. 399, *overruled.*

Error to a judgment of the Circuit Court of Giles county, in an action of trespass on the case. Judgment on demurrer for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*A. H. Woodyard,* for the plaintiff in error.

*Williams & Farrier* and *Williams & Williams,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

This is an action for malicious prosecution, in the Circuit

Court of Giles county, in which the defendants demurred to the declaration. The only question raised is whether or not it is sufficiently averred that the prosecution had been terminated, which was alleged to have been maliciously instituted.

It seems that the defendants had charged Graves with having procured goods and chattels of them under false pretences, and under a warrant issued by a justice he was arrested and entered into a recognizance for his appearance before the justice upon a day named. When the day arrived, the declaration proceeds to set forth, that "the said plaintiff in obedience to said recognizance, appeared before the said justice at the said place designated for trial, and had with him his witnesses to prove and establish his innocence of the said supposed offence charged in the said warrant and complaint, and announced his readiness for a trial to the said justice and to the said Scotts, and insisted upon a trial then and there, but the said defendants refused and declined to be sworn and give any evidence touching the supposed crime charged in said warrant against said plaintiff, and failed to offer and produce, and refused to offer and produce, when called upon, any evidence whatsoever to prove the charge in said warrant against the said plaintiff, and then and there the said justice aforesaid dismissed the said warrant at the costs of the said Scotts, and then and there caused the said plaintiff to be discharged out of custody, fully acquitted of the said supposed offense, and the said defendants have not further prosecuted the said complaint, but have deserted and abandoned the same, and the said complaint and prosecution is now fully ended."

The demurrer was sustained, and a writ of error brings the case before us for review.

In *Ward* v. *Reasor*, 98 Va. 399, 36 S. E. 470, this court held, that "in an action for malicious prosecution it must be charged and proved, among other things, that the prosecution alleged in the declaration was conducted to its termination, and that it ended in the final acquittal of the plaintiff. An

allegation that an offence of which a justice of the peace had jurisdiction was dismissed by him 'without the introduction of any testimony' or that the defendant 'without the introduction of any testimony' caused the plaintiff to be discharged, and not prosecuted for said offense, is not such an averment of the final termination of the prosecution as will support an action for malicious prosecution. It amounted to no more than a *nolle prosequi,* which was no bar to a further prosecution for the same offence. It did not establish the innocence of the plaintiff, or show want of probable cause on the part of the defendant."

It is obvious, therefore, that the case under consideration must be affirmed if we adhere to the law as propounded in *Ward* v. *Reasor.* The conclusion there reached is supported by Hilliard on Torts, by ·Greenleaf, by Mr. Minor in his institutes, by Barton in his Law Practice, by the Supreme Court of Massachusetts in *Bacon* v. *Towne,* 4 Cush. 217, and by a *dictum* by Judge Burks in *Scott & Boyd* v. *Shelor,* 23 Gratt. 891.

The opportunity for a more extensive research, and a further consideration of the principles involved, have led us to a different conclusion.

It is true that public policy favors prosecution for a crime, and requires that a person who in good faith and upon reasonable grounds institutes proceedings upon a criminal charge shall be protected. 19 Am. & Eng. Encyc. of Law, p. 650.

It is the lawful right of every man to institute or set on foot criminal proceedings wherever he believes a public offense has been committed. But it is a duty which every man owes to every other not to institute proceedings maliciously which he has no good reason to believe are justified by the facts and the law. Newell on Malicious Prosecution, sec. 1.

The difficulty, therefore, presented is to protect the citizen

against criminal proceedings which are not justified by the facts and by the law, being at the same time careful not unduly to deter men from the institution of criminal proceedings honestly intended to punish public offenses against the law.

To meet and harmonize these difficulties as far as practicable, the law requires that the plaintiff in an action for malicious prosecution must avail and prove the institution of the suit or proceeding without reasonable cause; malice in the institution of the suit or proceeding; and the complete termination of the suit or proceeding. If a plaintiff in a suit for malicious prosecution can maintain these propositions to the satisfaction of a jury, he may and should recover damages; nor would the result tend to deter others from the honest and fearless prosecution of offenders against the law.

In *Scott & Boyd* v. *Shelor, supra,* Judge Burks states, that to warrant a recovery in a suit for malicious prosecution it must be proved that the prosecution alleged in the declaration had been set on foot and conducted to its termination. Had he stopped there, he would have been in entire harmony with the law as stated in Newell on Malicious Proseccution; but he goes further and says, "and that it ended in the final acquittal and discharge of the plaintiff." It is true that in the case which Judge Burks was considering there had been a final acquittal and discharge of the plaintiff, and it, of course, cannot be questioned that there was a final termination of the prosecution; but that case cannot be binding authority for the proposition that nothing short of a final acquittal constitutes such determination of the proceedings as will support an action for malicious prosecution.

In *Morgan* v. *Hughes,* Durnf. & East's Rep., vol. 2, p. 225, Justice Buller says: "Saying that the plaintiff was discharged is not sufficient; it is not equal to the word 'acquitted,' which has a definite meaning. Where the word 'acquitted' is used, it must be understood in the legal sense, namely, by a jury on the trial. But there are various ways by which a man may

be discharged from his imprisonment, without putting an end to the suit. If, indeed, it had been alleged that he was discharged by the grand jury's not finding the bill, that would have shown a legal end to the prosecution."

Of course, if in *Morgan* v. *Hughes,* it had been averred that the plaintiff was acquitted, it would have been sufficient, as in *Scott & Boyd* v. *Shelor, supra;* but it was held that "discharged" was not a sufficient averment in a declaration that the prosecution had terminated. If it had been alleged that he was discharged by the grand jury not finding a bill, that would have been a legal end to the prosecution and would, therefore, have been sufficient averment of the legal termination of the particular proceeding against the plaintiff to have warranted the institution by him of his suit for malicious prosecution.

In the note to *Ross* v. *Hixon* (Kan.), 26 Am. St. Rep. 123, by Freeman, it is said, that "the prosecution on which the action is based must have terminated without resulting in the conviction of the plaintiff. It is sometimes said that it must have terminated in his acquittal, but this it not true. A trial on the merits or otherwise is not essential. It is sufficient that the prosecution has ended so that it cannot be reinstated nor further maintained without commencing a new proceeding, but it must have terminated in some of the several modes in which it is possible for a criminal proceeding to reach a stage beyond which the accused cannot be further prosecuted therein." Citing *Casebeer* v. *Drahoble,* 13 Neb. 465, 14 N. W. 397; *McWilliams* v. *Hoban,* 42 Md. 56; *Blalock* v. *Randall,* 76 Ill. 224; *Gillespie* v. *Hudson,* 11 Kan. 163; *Schippel* v. *Norton,* 38 Kan. 567, 16 Pac. 804. Further discussing the question, he speaks of a discharge by a committing magistrate, and says that "if the examining magistrate finds that there is not sufficient cause to hold the accused to answer, and therefore discharges him, that prosecution is thereby ended; and the consideration that other prosecutions may be brought against the same person on the same charge, and that the grand jury, on

its presentation to them, may find an indictment thereon, cannot prevent the action of the magistrate from having its effect as a termination of the prosecution before him, sufficient to support the civil action." And so with the failure of a grand jury to find an indictment.

With respect to the entry of a *nolle prosequi,* he says, that "if some action or proceeding on the part of the court, or otherwise, is required to make an entry of *nolle prosequi* operative as a final termination of a prosecution, then of course such action or proceeding must supplement such entry; but when it is manifest that the prosecution is at an end, and cannot be revived, it is not material how it came to its end, and the right of the party injured by it to seek redress is complete."

And, speaking generally as to other means of terminating a prosecution, this learned author says: "The only reasonable ground for denying that the termination of a prosecution by the entry of a *nolle prosequi* will support an action for malicious prosecution was, that there had been no trial on the merits, and therefore no acquittal of the accused; but it is settled, as we think, beyond dissent that a trial on the merits is not essential. To hold it essential would be to permit a prosecutor to do all the damage which a malicious prosecution can possibly effect, and then deny the accused the opportunity to vindicate himself by a trial, by having the proceeding quashed or dismissed, and thus escaping all liabilty for the wrong unlawfully inflicted. Therefore, any mode by which a prosecution may be dismissed or ended, though without a trial, is sufficient. The indictment may be insufficient, and for that reason may be quashed before trial, or upon trial may require the jury to return a verdict of acquittal. In either event, if the accused is discharged by the court, the prosecution is finally terminated in the sense that an action for malicious prosecution may be instituted and sustained, though there is nothing to prevent the finding of another indictment sufficient in form."

This statement of the law by Mr. Freeman is sustained by a great array of authority, which we deem it needless to discuss or cite.

At sections 248 and 249 of Bishop on Non-Contract Law, it is said, that "if on motion of the State's attorney, a criminal cause is stricken from the docket, with leave to reinstate it, the defendant is not discharged from the indictment, and a suit for malicious prosecution will be premature. But a *nolle prosequi* ends the indictment past recall, and thereupon the right to a malicious prosecution suit is perfected—a proposition from which a few of our courts, misapprehending the effect of a *nolle prosequi,* have dissented, making distinctions not necessary to be particularly pointed out here.

"The methods of ending the proceeding are numerous, and they need not be all specified. It is sufficient, for example, if the indictment is quashed and the prisoner discharged by judgment of the court. Only the particular proceeding need be at an end, it being immaterial that the party is subject to a new one. A criminal prosecution, said a learned judge, is 'terminated, (1) where there is a verdict of not guilty; (2) where the grand jury ignore a bill; (3) where a *nolle prosequi* is entered; and (4) where the accused has been discharged from bail or imprisonment.' Therefore the court held that a prosecution was not ended while pending before the grand jury. A discharge by the examining magistrate will suffice. In the nature of some proceedings the defendant has nothing to do, and whenever the plaintiff's steps are finished, the right to the malicious prosecution suit is complete; 'as,' it was judicially observed, 'where the plaintiff was committed on articles of peace for a definite term unless he should find sureties for the peace. In such a case the plaintiff is allowed, *ex necessitate rei,* to maintain his action, though he was discharged by the effluxion of the time for which he was committed, for the reason that he is not at liberty to controvert the statement of the defendants in making

the complaint, and therefore could not have a hearing and obtain a favorable decision.' A release on giving surety to keep the peace is a sufficient ending of the proceeding."

To the same effect is *Cooley on Torts* (2. Ed.), at p. 215. "The termination of the proceeding must, in general, be by a final acquittal. It is not enough that the parties in a case which they might lawfully settle, have effected a compromise, and thereby terminated it, or that the defendant was discharged because the offense was misnamed in the papers, or because of formal defects. But if the proceeding is *ex parte* to hold to bail, and the accused party has no opportunity to disprove the case made against him, he may maintain the suit, notwithstanding he was required to give bail; and so he may, if on a preliminary examination before a magistrate on charge of crime he is discharged. Whether the entry of a *nolle prosequi* by the prosecuting officer is a sufficient discharge has been made a question. In some cases it has been held that it was; but other cases hold the contrary. The reason assigned in these last cases is that the finding of the grand jury is some evidence of probable cause, and another indictment may be found on the same complaint. *But the reasonable rule seems to be, that the technical prerequisite is only that the particular prosecution be disposed of in such a manner that this cannot be revived, and the prosecutor, if he proceeds further, will be put to a new one.*"

It would be easy, but we think unnecessary, to cite very many adjudicated cases in support of the views of the eminent textwriters from whom we have quoted. We shall content ourselves with adding to the authorities adduced the statement of the law as given in 19 Am. & Eng. Encyc. of Law, p. 681, "that a prosecution may be regarded as terminated when it has been disposed of in such a manner that it cannot be revived, so that the prosecutor, if he intends to proceed further, must institute proceedings *de novo.*"

The judgment of the Circuit Court is reversed.

*Reversed.*