# CHARLESTON.

P. B. ALLEN *v.* CHAS. D. BURDETTE *et als.*

Submitted November 15, 1921.    Decided November 22, 1921.

1. LIMITATION OF ACTIONS—*Malicious Prosecution Suit Must be Begun Within One Year After Judgment for Defendant.*

The right to sue for malicious prosecution of a civil action accrues upon the rendition in the trial court of a judgment for the defendant in the action complained of, and is barred by the Statute of Limitations if not asserted within one year after such judgment, although the plaintiff in the suit which it is claimed was maliciously prosecuted may have a right to apply for an appeal or a rehearing, of which he does not avail himself. (p. 618).

2. SAME—*Suit, Begun and Dismissed for Failure to File Declaration Will Not Save From Bar of Limitations of Statute.*

A suit begun by the issuance and service of process, and dismissed at rules for the failure of the plaintiff to file his declaration, will not save a second suit for the same cause of action, brought within one year after such dismissal, from the bar of the Statute of Limitations.    (p. 621).

(LIVELY, JUDGE, absent.)

Error to Circuit Court, Kanawha County.

Action by P. B. Allen against Charles D. Burdette and

others. Judgment for the defendants, and the plaintiff brings error.

*Affirmed.*

*Morgan Owen,* for plaintiff in error.

*Byrne, Littlepage & Linn, S. B. Avis, Ivory C. Jordan* and *Price, Smith, Spilman & Clay,* for defendants in error.

RITZ, PRESIDENT:

In this suit for malicious prosecution, or what is sometimes called a malicious abuse of civil process, the defendants interposed a plea of the Statute of Limitations of one year, to which plea plaintiff tendered a special replication in writing, which the lower court held was insufficient, and the plaintiff making no other reply to the plea filed, judgment was rendered for the defendants, and this writ of error is prosecuted to review the same.

According to the allegations of the declaration, on the 24th of February, 1917, defendants instituted an involuntary proceeding in bankruptcy against the plaintiff in the District Court of the United States for the Southern District of West Virginia, to which petition the plaintiff filed a demurrer, which being overruled on the 12th of December, 1917, the cause was referred to' a special master to ascertain and report upon the facts set up in said petition. The special master took the testimony and reported to the court that the plaintiff had not committed the acts of bankruptcy charged in said petition, and on the first day of October, 1918, the report of the special master was confirmed, and the said plaintiff adjudged not to be a bankrupt. This action was brought on the 17th of December, 1919, seeking to recover damages sustained by him by reason of that bankruptcy proceeding prosecuted against him. The defendants filed a plea of the Statute of Limitations, in which they aver that the plaintiff's cause of action did not accrue within one year before the commencement of this suit. Plaintiff demurred to this plea of the Statute of Limitations, which demurrer being overruled, he filed a special replica-

tion thereto in which he averred that on the 15th day of October, 1918, he brought an action against the defendants in this suit upon the same cause of action herein set up, returnable to November Rules, 1918; that a few days after the issuance of the summons in said cause he sought to secure the papers in the bankruptcy case for the purpose of preparing his declaration; that upon making application for said papers he was informed that they were, in the hands of the attorney for the petitioners in the bankruptcy proceeding, that plaintiff, through his counsel, then called on said attorney and inquired if petitioners in the bankruptcy suit intended to prosecute an appeal from the judgment of the District Court, and was informed that they had not then decided what they would do; that knowing that it was necessary to aver in his declaration that the proceeding upon which the malicious prosecution suit was based was finally determined, and realizing that petitioners had until the 19th of November, 1918, in which to file a petition for rehearing in said bankruptcy proceeding which would suspend the order entered therein on the first of October until disposition was made of the petition for rehearing, he, plaintiff's counsel, believed that the suit brought by him on the 15th of October was premature, and for that reason did not file a declaration therein; that this conclusion was arrived at after diligent examination of the authorities and consultation with other reputable attorneys in regard to the right of the petitioners in the bankruptcy proceeding to appeal or file a petition for rehearing, and the time within which the same could be filed; that coming to this conclusion he did not file his declaration in said suit brought on the 15th of October, but allowed the same to be dismissed at February Rules, 1919, for failure to file such declaration, and that this suit for the same cause of action was instituted within one year from the dismissal of said first suit at February Rules, 1919; that by reason of the institution of said first suit and its dismissal at rules 'for failure to file the declaration as aforesaid, plaintiff, by virtue of § 19 of ch. 104 of the Code, might maintain this suit brought

within one year after the dismissal of such first suit. Defendants demurred to this replication and the court sustained their demurrer. The plaintiff declined to make any other replication to the plea of the Statute of Limitations, and the court rendered judgment in favor of the defendants thereon.

The plaintiff on this hearing insists that he is entitled to maintain this suit for two reasons: first, that having brought a suit which was dismissed within one year before the bringing of the present suit, the bar of the Statute of Limitations does not apply by reason of the provisions of § 19 of ch. 104 of the Code; and second, that inasmuch as petioners in the bankruptcy proceeding had a right to appeal from the judgment of the District Court holding that the plaintiff was not a bankrupt, or to file a petition to rehear that judgment, his right to institute his suit for malicious prosecution did not accrue to him until the expiration of the time within, which an appeal might be taken or a petition to rehear filed, which was less than one year prior to the institution of the present suit.

When does the right to institute suit for a malicious prosecution accrue? If it accrues upon the rendition of a final judgment by the court in which the alleged malicious prosecution was conducted, then the statute begins to run from the entry of such final judgment. If, however, it does not accrue until the right to appeal or to apply for a rehearing of such final judgment is barred, then, of course, the Statute of Limitations would not begin to run until the expiration of the time fixed by law for taking an appeal, or presenting a petition for rehearing. That there must be a determination of the suit which it is alleged is maliciously prosecuted is uniformly held, and the plaintiff here contends that there is no such final determination of that proceeding until the right to appeal is barred, as well as the right to file a petition to review or rehear; and especially is this true, according to his contention, where the plaintiff in the suit alleged to be maliciously prosecuted may appeal as matter of right from the judgment therein. Under our

authorities a proceeding to review a final judgment by appeal or writ of error is treated as a new suit, and not as a continuation of a suit in which the judgment or decree appealed from was rendered.    Plaintiff insists, however, that this doctrine does not apply in proceedings in bankruptcy; that an appeal in such a proceeding is a continuation of the former proceeding, and that that proceeding is not concluded until the determination of such appeal, if the same be taken, or until the right to take the same is barred.    We do not think the determination of this question is of any importance in this case.    Whether appellate process be treated as a new suit or simply a continuation of the old suit can make little difference, unless such appellate process has in fact been taken advantage of by the party adversely affected by the judgment or decree.    When the court in which the suit alleged to be maliciously prosecuted is pending has complete jurisdiction and renders a judgment finally disposing of the matters, that judgment is final and conclusive upon the parties to the suit until it is gotten rid of by some appropriate process, and certainly so long as it stands without any proceeding being taken to review it, it constitutes a termination of the suit in which it is rendered.    There may be some question as to the right to maintain a malicious prosecution suit in a case where appellate process has actually been taken advantage of, and where an appeal or writ of error is pending in a superior court.    Upon this question we find the  authorities very much divided.    Many courts hold that even though an appeal or writ of error is being prosecuted, and is pending, a suit for malicious prosecution may be instituted and prosecuted, and the judgment of the court in which the alleged malicious prosecution was conducted will be considered a final determination of the questions involved until it has actually been reversed or set aside by a competent tribunal.    There are other courts which hold that in such case the proper procedure is to stay the trial of the suit for malicious prosecution until the determination of the writ of error or appeal in the appellate court, while still others

hold that where an appeal or writ of error is actually pending and being prosecuted in an appellate court, no suit for malicious prosecution may be maintained until such appeal or writ of error has been actually determined favorably to the party seeking to bring the malicious prosecution suit. We find no authorities, however, which hold that simply because the plaintiff in a suit which it is alleged was maliciously prosecuted may have a right to prosecute an appeal from a judgment adverse to him, the party claiming to be injured by such malicious prosecution may not maintain a suit to recover the damages sustained by him thereby until such right is barred by lapse of time.    The following authorities indicate the views of the courts upon this question: 18 R. C. L., title "Malicious Prosecution" § 14; *Levering* v. *National Bank of Morrow County*, 87 Ohio State 117, 100 N. E. 322, 43 L. R. A. (N. S.) 611, 30 Am. & Eng. Ann. Cases, 917 and note; *Luby* v. *Bennett*, 111 Wis. 613, 56 L. R. A. 261; *Graves* v. *Scott*, 104 Va. 372, 51 S. E. 821, 2 L. R. A. (N. S.) 927 and note; *McCormick Harvesting Machine Co.* v. *Willam*, 93 Am. St. Rep. 449 and note at page 470; *Foster* v. *Denison*, 19 R. I. 351; *Marks* v. *Townsend*, 97 N. Y. 590; *Carter* v. *Paige*, 80 Calif. 390.    There is no dissent among these authorities from the view that the right to bring such a suit for malicious prosecution accrues upon the rendition of a final judgment by the court in which the suit complained of is tried, notwithstanding there may be a right of appeal not exercised.    Nor do we see any good reason for a different holding.    Upon the rendition of a final judgment in a case the suit is just as much terminated before the time expires within which an appeal may be taken as it is afterward, provided no appeal is ever in fact taken therefrom.    What effect the actual pendency of an appeal may have upon the right to maintain a suit for malicious prosecution, we need not determine in this case, for the question does not arise.    There is no averment that an appeal was ever taken, or any other means used by the defendants here to secure a reversal of the judgment of the District Court in the bankruptcy case.    It

may be that if the defendants in this suit had. actually prosecuted an appeal or filed a petition to rehear the judgment rendered by the bankruptcy court, the right to institute and prosecute a suit for malicious prosecution would not accrue until the determination of the questions arising upon such appeal, or petition to rehear; or it may be, as has been held by some other courts, that in such case the right to institute the suit exists, but the prosecution of it would be suspended until after the determination of the questions arising upon the proceeding taken to reverse the judgment. We express no opinion as to the correct holding upon this question. We only find that where a judgment has been rendered by a court in which a suit has been instituted which finally disposes of that suit adversely to the plaintiff, the defendant may maintain a suit for the malicious prosecution of such suit without waiting for the time to expire within which appellate proceedings may be instituted, and this being true, of course, it follows that the Statute of Limitations begins to run against him from the entry of the judgment finally disposing of the suit alleged to be maliciously prosecuted by the court in which it was tried.

But is the plaintiff in this case entitled to the benefit of § 19 of ch. 104 of the Code? He claims that because he instituted a suit within the statutory period, but allowed the same to be dismissed for his failure to file a declaration for the reason that he considered it prematurely brought, he is entitled to maintain this suit brought within one year from the dismissal of his first suit for the same cause of action. This statute has been construed by this Court in several cases, and our uniform holding has been that it has no application to a case in which the plaintiff voluntarily abandons his first suit. *Lawrence* v. *Winifrede Coal Co.,* 48 W. Va. 139; *Tompkins* v. *Ins. Co.,* 53 W. Va. 479-484; *Hevener* v. *Hannah,* 59 W. Va. 476; *Ryan* v. *Piney Coal & Coke Co.,* 69 W. Va. 692; *Bent* v. *Read,* 82 W. Va. 680. The plaintiff in this case admits the force of the decisions above cited, but says that he should be given the benefit of the

statute for the reason that he abandoned his first suit .in good faith, believing that he did not have a right to institute it at the time he did.    Our decisions all hold that § 19 of ch. 104 of the Code will have the effect of tolling the Statute of Limitations only when the plaintiff has been forced by the court in which his first suit was pending to dismiss it or abandon it because of lack of jurisdiction in the court, or for some other reason.    He cannot subsitute his own judgment for that of the court in which the suit is pending, and claim the benefit of the statute upon a voluntary abandonment or dismisal of his suit.    Such a holding would in effect give a plaintiff the right to keep a cause of action alive forever simply by bringing successive suits, each within one year from the time he dismissed the last preceding one.    The construction placed upon this statue by this Court has been concurred in by the legislative authorities for many years, and we are warranted in the belief that if it was not in accord with the legislative intent it would not have been allowed to stand unquestioned, and without some attempt being made to declare a different legislative intent.

Our conclusion is that the plaintiff's special replication made no defense to the plea of the Statute of Limitations relied upon, and the judgment of the circuit court so holding is affirmed.

*Affirmed.*