**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CAROLYN ARMOR; RICHARD T.
ARMOR, JR.,
<u>Plaintiffs-Appellants,</u>

v.

MICHELIN TIRE CORPORATION,                          No. 96-1724
<u>Defendant-Appellee,</u>

and

JOHN DOE MANUFACTURER,
<u>Defendant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CA-95-779-6)

Argued: January 29, 1997

Decided: May 13, 1997

Before WILKINSON, Chief Judge, ERVIN, Circuit Judge, and
HILTON, United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Affirmed by unpublished opinion. Judge Hilton wrote the opinion, in
which Chief Judge Wilkinson and Judge Ervin joined.

_____

**COUNSEL**

**ARGUED:** Dennis Lyle Sipe, BUELL & SIPE COMPANY, L.P.A.,
Marietta, Ohio, for Appellants. John Jerome Polak, KING, ALLEN &

GUTHRIE, Charleston, West Virginia, for Appellee. **ON BRIEF:**
Michelle M.M. Price, KING, ALLEN, & GUTHRIE, Charleston,
West Virginia; James L. McCrystal, Jr., WESTON, HURD, FAL-
LON, PAISLEY & HOWLEY, Cleveland, Ohio, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

HILTON, District Judge:

Appellants Carolyn and Richard Armor appeal from the judgment
of the district court denying their motion for default judgment and
subsequently granting appellee Michelin Tire Corporation's motion
for summary judgment.

I.

On June 3, 1991, plaintiff Carolyn Armor was involved in a motor
vehicle accident in Wood County, West Virginia. The apparent cause
of the accident was the failure of the right rear tire on plaintiffs' vehi-
cle and its subsequent wrapping around the rear axle. Carolyn Armor
suffered serious injuries as a result of the accident. On June 3, 1993,
the Armors filed suit against Michelin in Wood County, West Vir-
ginia and on June 2, 1993, in Washington County, Ohio. On June 24,
1994 the West Virginia lawsuit was dismissed due to failure to prose-
cute. In September 1994, it became apparent to counsel for the
Armors that the Armors would not be prepared for trial which was
scheduled for September 24, 1994. Plaintiffs had retained an expert
who needed additional time and information to complete his investi-
gation concerning the allegedly defective tire. In addition, the injuries
that Carolyn Armor sustained as a result of the automobile accident
began to increase in severity. The Ohio court was unwilling to grant
the Armors a continuance of the trial date. On September 19, 1994,
the Ohio court, pursuant to the Armors' motion, dismissed without

2

prejudice the Armors' lawsuit with the proviso that plaintiffs maintained the right to refile the action within one year of the filing of the entry.

On September 15, 1995, the Armors reinstituted litigation in the court below, the United States District Court for the Southern District of West Virginia. In order to give Michelin time to ascertain whether the complaint had been served the parties entered into a stipulation, on October 18, 1995, that Michelin would file an answer by November 5, 1995. Michelin contends that it failed to file an answer by November 5, 1995, because it was never served with the complaint and because counsel for the Armors did not request a waiver of service under Fed. R. Civ. P. 4(d). Following Michelin's failure to answer, the district court clerk's notice to counsel was filed on November 21, 1995. On December 1, 1995, Michelin moved for leave to untimely answer the complaint, and on the same day the Armors' motion for default judgment was filed. Michelin filed its response to the Armors' motion for default judgment on December 14, 1995. The district court denied plaintiffs' motion for default judgment and granted Michelin's motion for leave to file its answer and affirmative defenses to the complaint. The case went forward until April 23, 1996, when the district court granted Michelin's motion for summary judgment. The Armors appeal the district court's orders denying their motion for default judgment and granting Michelin's motion for summary judgment.

II.

We review the district court's order denying plaintiffs motion for default judgment under an abuse of discretion standard. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp. , 843 F.2d 808 (4th Cir. 1988); Consolidated Masonry & Fireproof, Inc. v. Wagman Constr. Co., 383 F.2d 249 (4th Cir. 1967).

Michelin's opposition to plaintiffs' motion for default judgment can be properly viewed as a motion to set aside an entry of default. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981), 10 Wright, Miller & Kane, Federal Practice and Procedure,§ 2692, pp. 466-67 (2d ed. 1983). Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of

3

default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Since the present case is one in which a default judgment had not yet been entered, the district court was required to decide plaintiffs' motion for default judgment under the "good cause" standard of Fed. R. Civ. P.55(c) as opposed to the more rigorous standard of Rule 60(b).* The disposition of motions to set aside an entry of default under Rule 55(c) lies largely within the discretion of the district judge and is not lightly to be disturbed by an appellate court. Consolidated Masonry & Fireproof, Inc. v. Wagman Constr. Co., 383 F.2d 249, 251 (4th Cir. 1967). The clear policy of the federal rules is to encourage disposition of claims on their merits. Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974); Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether setting it aside would prejudice the adversary and whether a meritorious defense is presented. Central Operating Co. v. Utility Workers of America, AFL-CIO, 491 F.2d 245, 252 (4th Cir. 1974). In addition, the district court can consider whether or not the moving party acts with reasonable promptness, see Consolidated Masonry at 251, and whether or not the party has been disadvantaged by the errors or neglect of his attorney, see United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982).

In the present case, it is clear that the district court did not abuse its discretion in denying plaintiffs' motion for default judgment. All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party. Moradi at 727 (citing Central Operating Co. v. Utility Workers of America , 491 F.2d 245, 252 n.8 (4th Cir. 1974)). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings v. Fodor Contracting, 843 F.2d 808, 812 (4th Cir. 1988) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure, § 2697, p. 531 (2d ed. 1983)).

_____

*Rule 60(b) requires a showing of mistake, inadvertence, surprise, or excusable neglect to set aside a default judgment.

4

Plaintiffs contend that Michelin failed to proffer evidence of its meritorious defenses. Michelin, however, submitted two separate affidavits of its litigation counsel explaining the reasons for default and noting the existence of Michelin's legal and factual defenses to the complaint. Any doubt as to the sufficiency of these affidavits is resolved in Michelin's favor since we cannot say that ultimately Michelin's defenses proved to be without merit. The record is clear that Michelin was only in default due to the misunderstanding of its Ohio counsel, who believed that the Armors still had to serve the complaint before Michelin was required to answer. Michelin acted promptly when it was apprised of the default, filing its motion for leave to file an answer and affirmative defenses eleven days after it received notice from the clerk's office. Furthermore, the Armors admit that they were not prejudiced, by Michelin's delay in answering the complaint.

III.

We review grants of motions for summary judgment de novo on appeal. Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993); Roe v. Doe, 28 F.3d 404 (4th Cir. 1994). Summary judgment is appropriate when there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c).

In granting Michelin's motion for summary judgment, the district court found that the Armors' claim is barred by the West Virginia statute of limitations and is not saved by the West Virginia savings statute. The Armors' complaint in this case was filed more than four years after the June 3, 1991 accident, forcing the Armors to rely upon West Virginia's savings statute to toll West Virginia's two-year statute of limitations for personal injury actions.

West Virginia recognizes a two-year statute of limitations for damages for personal injuries relating to products liability. W. Va. Code § 55-2-12(b) (1994); see also Barney v. Auvil, 195 W. Va. 733, 738, 466 S.E.2d 801, 806 (1995). Under the West Virginia's savings statute, a timely filed action which is involuntarily dismissed for reasons other than on the merits, may be refiled within one year of the dismissal, even if such refiling is beyond the two-year limitation period. W. Va. Code § 55-2-18 (1994). West Virginia authority is clear, how-

5

ever, that when an action is voluntarily dismissed, even though originally brought within the two-year time frame, it is not saved by the West Virginia savings statute. Lawrence v. Winifrede Coal Company, 48 W. Va. 139, 35 S.E. 925 (1900); Allen v. Burdette, 89 W. Va. 615, 109 S.E. 739 (1921); McClung v. Tieche, 126 W. Va. 575, 29 S.E.2d 250 (1944); Keener v. Reynolds Transportation Co., 134 W. Va. 712, 61 S.E.2d 629 (1950); Henthorn v. Collins, 146 W. Va. 108, 111, 118 S.E.2d 358 (1961).

The Armors filed two lawsuits against Michelin prior to this action, both of which were dismissed because the Armors elected not to proceed. The first case dismissed was the lawsuit filed by the Armors in the Circuit Court of Wood County, West Virginia. That proceeding was dismissed on June 24, 1994 because the Armors failed to serve the complaint on Michelin. The Armors chose to proceed in Ohio rather than West Virginia.

The second dismissal was by the Ohio state court. Because the Armors were not prepared for trial and the Ohio court would not grant a continuance, the Armors voluntarily dismissed their lawsuit. In accordance with Ohio procedural law, the Ohio court's dismissal order permitted the Armors' action to be refiled within one year. The Ohio savings statute, unlike West Virginia's, would have permitted the Armors to refile their action in an Ohio court within one year even though the first action was voluntarily dismissed. The Ohio procedural law in question, however, can only be applied in Ohio courts. West Virginia law controls the procedural aspects of this case. Saena v. Zenith Optical Co., 135 W. Va. 795, 65 S.E.2d 205 (1951). Statutes of limitation are considered procedural because they are considered as going to the remedy and not the fundamental right itself. Goad v. Celotex Corp., 831 F.2d 508, 511 (4th Cir. 1987), cert. denied, 487 U.S. 1218 (1988) (citing Chase Securities Corp. v. Donaldson, 358 U.S. 304, 314 (1945)); and First United Methodist Church of Hyattsville v. United States Gypsum Co., 882 F.2d 862, 865 (4th Cir. 1989).

The Armors contend that the West Virginia savings statute, West Virginia Code § 55-2-18, should be liberally interpreted. McClung, 29 S.E.2d at 252. A liberal interpretation of the statute advances the purpose and remedial character of the statute. See Henthorn, 118 S.E.2d at 360. However, the broad construction of the savings statute is

6

appropriate only where "the dismissal was one included within the terms of the statute." Keener, 61 S.E.2d at 632. The statute requires that a dismissal of an action which will save a second action from the effects of a statute of limitations must not be the result of voluntary action on the part of plaintiff. Id. The court in Crawford v. Hatcher, 814 F. Supp. 834, 837 (S.D. W. Va. 1992), noted that in some cases the voluntary nature of the dismissal is difficult to determine. A long line of West Virginia Supreme Court cases require that "voluntary dismissals should be confined to those cases in which the plaintiff has specifically or by implication abandoned his original action." Crawford, 814 F. Supp. at 837. It is clear that the Armors voluntarily moved the Ohio court to dismiss their action pursuant to Ohio R. Civ. P. 41(A). A voluntary dismissal is not within the terms of the statute and, therefore, is not subject to the statute's remedial purpose. Keener, 61 S.E.2d at 631; McClung, 29 S.E.2d at 252.

The Armors cite Ketterman v. Dry Fork Railroad Co., 37 S.E. 683, 684 (W. Va. 1900), for the proposition that the dismissal of their prior lawsuit must have been purely voluntary and attributable solely to their negligence for the savings statute not to be applicable. However, in Ketterman the case was commenced with a defective summons, and subsequently dismissed for that reason. The Ketterman court found that dismissal due to negligence on the part of the clerk, not the plaintiffs, was involuntary. Plaintiffs also cite Litten v. Peer, 197 S.E.2d 322, 323 (W. Va. 1973), in support of their position. In Litten, plaintiff did not appear in court on the day trial was scheduled, and his case was dismissed with prejudice for want of prosecution. The Litten court held that, absent any consideration of the doctrine of res judicata, the failure of plaintiff to appear on the day of trial did not constitute a voluntary dismissal or abandonment of the lawsuit and plaintiff's subsequent action would not be barred. The Armors argue that the only difference between Litten and the present case is that in the present case the Armors moved for dismissal prior to the day of trial. However unlike in Litten, there is no doubt that the Armors' action in Ohio state court was dismissed pursuant to their request. The district court properly found that the Armors willfully abandoned their suit, and as a result the suit is not saved by the West Virginia savings statute.

We note that the Armors were not without a forum to litigate their claims following the dismissal of their Ohio state court action. If the

7

Armors had filed this action in either a state or federal court in West Virginia by June 23, 1995, the cause of action would have been saved by West Virginia Code § 55-2-18 because the Wood County, West Virginia action was involuntarily dismissed on June 24, 1994. The West Virginia action was dismissed because of a failure to prosecute, and the Ohio action was abandoned voluntarily because of plaintiffs' need for further expert witness testimony and the need to determine the extent of the continuing deterioration of plaintiff Carolyn Armor's physical condition. Still, at that point, plaintiffs' cause of action could have been resuscitated in one of two ways: 1) as noted above, by filing in a West Virginia Court by June 24, 1995; and 2) by filing in an Ohio Court by September 19, 1995. Because plaintiffs followed neither of these courses of action, their action is barred.

IV.

Five days prior to trial, on September 19, 1994, the Ohio court dismissed the litigation because the Armors were not prepared to proceed at trial. The trial court dismissed the case without prejudice pursuant to Ohio R. Civ. P. 41(A). The Armors contend that the order issued by the Ohio court barred the district court from considering whether their claims were barred by West Virginia's statute of limitations. The Armors cite Stoner v. New York Life Insurance Co., 311 U.S. 464, 468 (1940), for the proposition that state court determinations are not amenable to being relitigated in the federal courts, where the issues had already been litigated in state court. Plaintiffs have cited decisions from the Third, Seventh and Tenth Circuits for the proposition that a federal court is bound by the prior determination of a state court. Plaintiffs rely once again on Litten v. Peer, where the state court applied the doctrine of res judicata to a federal district court decision dismissing a case with prejudice. In Litten, the state court would not allow refiling of the suit since it was dismissed with prejudice by the federal district court. The Litten court merely applied res judicata to a case that had been dismissed with prejudice and decided on its merits. We find that the cases proffered by the Armors are inapposite to the present case, as the issue of whether the West Virginia's statute of limitations and its savings statute should bar the present claim has never been decided on its merits.

"Dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, Rule 41 (a) (1), and thus does not

8

have a <u>res judicata</u> effect." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 396 (1990) (quotations omitted). <u>Res judicata</u> only applies to claims and issues actually litigated between the parties and operates to preclude parties from contesting matters that they have had a full and fair opportunity to litigate. <u>Conley v. Spillers</u>, 171 W. Va. 584 (1983). The decision of the Ohio Court allowed the Armors to refile in Ohio until September 19, 1995, but did not apply to any actions filed in West Virginia. The district court properly found that it was not bound by the dismissal order issued by the Ohio trial court.

V.

For the reasons stated above, the district court's orders denying the Armors' motion for default judgment and granting Michelin's motion for summary judgment are affirmed.

<u>AFFIRMED</u>

9