Michael **SCRIBNER** Plaintiff

v.

Danny **DILLARD**, Individually, Gary Dodds, Individually, and X Bonding Company Defendants

No. 1:01 CV 325–D–D.

United States District Court, N.D. Mississippi, Eastern Division.

May 8, 2003.

Jim D. Waide, III, Waide & Associates, PA, Tupelo, MS, for Plaintiff.

Robert K. Upchurch, Holland Ray Upchurch & Hillen, Thomas A. Wicker, Holland Ray Upchurch & Hillen, Tupelo, OH, for Defendant.

## OPINION GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

DAVIDSON, Chief Judge.

Presently before the court is the Defendants' motion for summary judgment. Upon due consideration, the court finds that the motion should be granted in part and denied in part.

### A. Factual and Procedural Background

The court recently held a hearing on the Defendants' motion for summary judgment, which involved Plaintiff calling a central witness who was previously believed by both parties to be unavailable. Thereafter, the court requested supplemental briefs and authorities on Plaintiff's three claims, and to particularly address the effect of Plaintiff's previous plea on his civil claims.

In this case, the Plaintiff, Michael Scribner, alleges that he was wrongly charged and fraudulently implicated in a scheme to help Jim Garrison plant drugs in Garrison's wife's automobile. The complaint alleges that Defendant officers Dillard and Dodds "set out to create a case that Scribner was involved in the illegal possession of narcotics. In order to accomplish this, Dodds and Dillard threatened an individual, Ricky Mayhall, who had pending DUI charges against him, about what could happen to him if he did not cooperate with them in incriminating Scribner." The Plaintiff's three claims pursuant to 42 U.S.C. § 1983 are for: (1) malicious prosecution, (2) wrongful arrest without probable cause, and (3) abuse of process. Both in his deposition and before the court at the summary judgment hearing, Ricky Mayhall admitted that he made up a statement he previously gave that implicated Plaintiff Scribner in the scheme to plant drugs. Plaintiff was arrested, charged

with conspiracy, and later pled guilty to the lesser crime of trespassing.

### B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In evaluating summary judgment evidence, "courts must refrain from the making of 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts,' which 'are jury functions, not those of a judge.'" *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 190–91 (5th Cir.2001)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

### C. Discussion

#### 1. Malicious Prosecution

The Fifth Circuit has stated that it is "an understatement to say that this circuit's caselaw regarding so-called 'Fourth Amendment malicious prosecution' claims under § 1983 is both confused and confusing." *Gordy v. Burns*, 294 F.3d 722, 725 (5th Cir.2002). The court went on to state that the rule in the Fifth Circuit is that the elements of the state-law tort of malicious prosecution and the elements of the constitutional tort of "Fourth Amendment malicious prosecution" are coextensive. *Gordy*, 294 F.3d at 725 (citation omitted). The Fifth Circuit noted that most other circuits emphasize that a malicious prosecution claim under § 1983 is more appropriately characterized as a Fourth Amendment claim for unreasonable seizure which is part of the prosecution. *Id.* "But in the Fifth Circuit, a plaintiff in a § 1983 malicious prosecution action need establish only the elements of common-law malicious prosecution." *Id.* at 726.

■ In general, the elements of malicious prosecution under Mississippi law are:

1) the institution of a criminal [or civil] proceeding;

2) by, or at the instance of the defendants;

3) the termination of such proceeding in plaintiff's favor;

4) malice in instituting the proceedings;

5) want of probable cause for the proceedings; and

6) the suffering of damages as a result of the action or prosecution complained of.

*Alpha Gulf Coast, Inc. v. Jackson,* 801 So.2d 709, 721 (Miss.2001); *Royal Oil Co. v. Wells,* 500 So.2d 439, 442 (Miss.1986); *Gaylord's of Meridian, Inc. v. Sicard,* 384 So.2d 1042, 1042 (Miss.1980); *See also Enlow v. Tishomingo County,* 962 F.2d 501, 512 (5th Cir.1992).

▪ In the present case, the only real issue for summary judgment purposes is whether the third element is met; whether the criminal proceeding terminated in Plaintiff's favor. Plaintiff plead guilty to trespassing and his case was later dismissed pursuant to Mississippi Code § 99–15–26. Apparently the Mississippi Supreme Court has not decided whether a plea that is later dismissed and expunged pursuant to this statute constitutes a favorable termination of the criminal proceeding for purposes of a subsequent malicious prosecution case.

Mississippi Code § 99–15–26 states in pertinent part:

(1) In all criminal cases, felony and misdemeanor, ... the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section.... A person shall not be eligible to qualify for release in accordance with this section if such person has been charged (a) with an offense pertaining to the sale, barter, transfer, manufacture, distribution or dispensing of a controlled substance, or the possession with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance, as provided in Section 41–29–139(a)(1), ... except for a charge under said provision when the controlled substance involved is one (1) ounce or less of marihuana; (b) with an offense pertaining to the possession of one (1) kilogram or more of marihuana as provided in Section 41–29–139(c)(2)(D) ...; or (c) with an offense under the Mississippi Implied Consent Law.

(2) Conditions which the circuit or county court may impose ....

(3) Upon successful completion of the court-imposed conditions permitted by subdivision (2) of this section, the court shall direct that the cause be dismissed and the case be closed.

(4) The court may expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.

The original order from the Circuit Court is styled "Order Reducing Charge and Placing Defendant on Diversion for Misdemeanor." This order dated May 25, 2000 provided in part that "the Defendant, being fully advised by his counsel, voluntarily and knowingly offers a plea of guilty to the misdemeanor offense of trespass less than larceny, under the provisions of 99–15–26 and requests the Court to withhold acceptance of his plea." Subsequently, in the criminal proceeding, Plaintiff's counsel filed a "Motion for Dismissal and Order of Expungement." The Circuit Court signed an "Agreed Order of Dismissal and Expungement" dated August 15, 2001. That order states: "Upon Motion of Defendant, and finding he has met the requirements of Miss.Code Ann. § 99–15–26, IT IS HEREBY ORDERED that this case is dismissed and Defendant Mike Scribner's record in this case is hereby ordered expunged."

Defendants assert that Plaintiff's pleading guilty is similar to a plea of nolo contendere, which the Fifth Circuit held

barred a claim for malicious prosecution. *Pete v. Metcalfe,* 8 F.3d 214, 219 (5th Cir. 1993). There, the court held that "Pete fails to state a claim for malicious prosecution because his prosecution ended with a plea of nolo contendere and resulting conviction and thus the action did not terminate in his favor." *Pete,* 8 F.3d at 219.

Plaintiff argues that *Pete* is distinguishable because his conviction was never dismissed. Plaintiff also directs the court's attention to *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), where the Supreme Court stated:

> [w]e hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages ... that has *not* been so invalidated is not cognizable under § 1983.

The Mississippi statute at issue does not invalidate the guilty plea, rather it permits the accused's records to be expunged if he acts favorably and complies with certain conditions. The Mississippi Supreme Court has stated that generally, "a dismissal of minor charges based solely on conditions of mercy, in spite of a belief that the accused is guilty, should not force the private prosecutor to pay the price for a third person's exercise of leniency." *Stewart v. Southeast Foods,* 688 So.2d 733, 737 (Miss.1996). The court stated in a footnote that "not all dismissals in this State constitute terminations in favor of the accused for purposes of malicious pros-

ecution actions." *Stewart,* 688 So.2d at 737 n. 2 (citation omitted).

As such, after considering the arguments and applicable authorities, the court is of the opinion that Defendants' motion for summary judgment shall be granted as to Plaintiff's claim for malicious prosecution. Under Mississippi law, the criminal proceeding did not terminate in Plaintiff's favor.

### 2. *Wrongful Arrest Without Probable Cause*

■ A favorable termination does not appear to be a required element of Plaintiff's wrongful arrest claim. *See e.g., Mendenhall v. Riser,* 213 F.3d 226, 230 (5th Cir.2000)(When an individual asserts a claim for wrongful arrest, qualified immunity will shield the defendant officers from suit if " 'a reasonable officer could have believed [the arrest at issue] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.' "). Thus, the issue appears to be only whether the Defendant officers had probable cause to arrest Plaintiff. Defendants assert that even if Ricky Mayhall made up the statement that Plaintiff was involved in the planting drugs, it was reasonable to believe him and they would have had probable cause to arrest him. The Fifth Circuit has stated the test for immunity is solely one of objective reasonableness, any "subjective intent, motive, or even outright animus [is] irrelevant in a determination of qualified immunity based on arguable probable cause to arrest, just as an officer's good intent is irrelevant when he contravenes settled law." *Mendenhall,* 213 F.3d at 231. Nevertheless, Mayhall's testimony has varied somewhat, and the court is of the opinion that there are genuine issues of material fact as to whether Mayhall suggested Plaintiff was involved in the illegal scheme first, or

whether the Defendant officers mentioned Plaintiff's name first and suggested what Mayhall write in the statement. In other words, subjective intentions aside, there is some dispute over what the officers knew at that time, and whether it amounted to probable cause. As such, Defendants' motion for summary judgment is denied as to this claim.

### 3. Abuse of Process

■ Under Mississippi law, the elements of abuse of process are:

(1) an illegal and improper perverted use of the process, which was neither warranted nor authorized by the process;

(2) ulterior motive or purpose of a person in exercising such illegal, perverted, or improper use of process; and

(3) resulting damage or injury.

McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 975 (Miss.2001)(citing Moon v. Condere Corp., 690 So.2d 1191, 1197 (Miss. 1997)). See also Enlow v. Tishomingo County, 962 F.2d 501, 512 (5th Cir.1992)(stating "[u]nder Mississippi jurisprudence, the essential elements of a cause of action for abuse of process include (1) the existence of an ulterior purpose, (2) the malicious perversion of process for a purpose and to obtain a result not lawfully warranted or properly attainable, and (3) a demonstration of damages resulting from the abuse.").

The Supreme Court has also stated that "favorable termination of prior proceedings is not an element of that cause of action." Heck, 512 U.S. 477, 486, n. 5, 114 S.Ct. 2364, 129 L.Ed.2d 383. The gravamen of abuse of process "is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." Id. (citations omitted).

■ The court is of the opinion that genuine issues of material fact exist which make summary judgment on the abuse of process claim inappropriate. As such, Defendants' motion for summary judgment is denied as to this claim.

### D. Conclusion

In sum, for the above stated reasons, Defendants' motion for summary judgment is granted in part and denied in part. Defendants' motion for summary judgment is granted on Plaintiff's claim for malicious prosecution, and that claim is dismissed. As to Plaintiff's claim for wrongful arrest and abuse of process, the Defendants have failed to show that they are entitled to summary judgment as a matter of law. In any event, the court has the discretion, which it exercises here, to allow Plaintiff's claim to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). As such, Defendants' motion for summary judgment is denied as to these remaining claims.

A separate order in accordance with this opinion shall issue this day.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Defendants' motion for summary judgment (docket entry 31) is GRANTED IN PART and DENIED IN PART;

(2) the motion is GRANTED as to the Plaintiff's claim for malicious prosecution. That claim is hereby DISMISSED WITH PREJUDICE;

(3) the motion is DENIED as to the Plaintiff's claims for wrongful arrest and abuse of process; and

(4) the Plaintiff's motion to hold the motion for summary judgment in abeyance until the deposition of Ricky Mayhall (docket entry 38) is denied as moot.

All memoranda, depositions, declarations, and other materials considered by the court in ruling on this motion are hereby incorporated into and made a part of the record in this action.