# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-CP-00354-SCT

*MICHAEL A. PRYOR*

*v.*

*J. B. HUNT TRANSPORT, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2025 |
| TRIAL JUDGE: | HON. KELLY LEE MIMS |
| TRIAL COURT ATTORNEYS: | ARTHUR D. SPRATLIN, JR. |
| | DONNA BROWN JACOBS |
| | MARGARET ZIMMERMAN SMITH |
| | NICOLE ALISE BROUSSARD |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL A. PRYOR (PRO SE) |
| ATTORNEYS FOR APPELLEE: | DONNA BROWN JACOBS |
| | ARTHUR D. SPRATLIN, JR. |
| | MARGARET ZIMMERMAN SMITH |
| | NICOLE ALISE BROUSSARD |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 05/07/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In June 2023, Michael Pryor filed suit in the United States District Court for the Northern District of Mississippi against J.B. Hunt Transport Services, Inc., for alleged emotional distress and malicious prosecution stemming from an incident that occurred between July and September 2019. The federal court dismissed the action for lack of subject-matter jurisdiction. In July 2024, Pryor refiled the case in the Circuit Court of Pontotoc County. The trial court granted summary judgment after determining that the

statute of limitations had run on both claims. Pryor appeals, contending that the statute of limitations was tolled. The statute of limitations did not toll, and we affirm.

## STATEMENT OF THE FACTS

¶2. On July 15, 2019, Pryor agreed to transport cargo brokered by J.B. Hunt. On July 17, 2019, Pryor transported the cargo from Ecru, Mississippi, to Smithton, Pennsylvania, where the receiver rejected the shipment. Pryor notified J.B. Hunt of the rejection, and J.B. Hunt instructed him to return the load to Ecru. J.B. Hunt employee Manny Galace assured Pryor that J.B. Hunt "would pay the charges to return [the] rejected cargo to the shipper."

¶3. Pryor arrived back in Ecru on the evening of July 18, 2019. On July 19, 2019, J.B. Hunt employee Mike Hatfield, a corporate security officer, emailed Pryor, stating that J.B. Hunt would not pay the return charges. Pryor attempted to negotiate the charges but was unsuccessful.

¶4. On July 22, 2019, Hatfield emailed Pryor, stating that retaining the load would constitute theft. Pryor responded that he was placing a "carrier lien" on the cargo. That same day, Hatfield contacted the Pontotoc Police Department and reported that Pryor had stolen a load of furniture.

¶5. On July 24, 2019, J.B. Hunt filed a cargo claim with Pryor's insurer, asserting that the furniture was damaged. Pryor placed the furniture into storage the following day.

¶6. On August 12, 2019, a Pontotoc police investigator served Pryor with a search warrant related to the alleged theft. The following month, in September 2019, Pryor was arrested and

2

charged with felony embezzlement.  The criminal charges were "retired to file" on August 9, 2021, and were expunged on August 18, 2022.

¶7.	Pryor alleges that J.B. Hunt's report of theft and his subsequent arrest caused him humiliation, embarrassment, and economic loss, as well as severe emotional distress.  Pryor further claims the emotional distress caused a latent medical injury that manifested as daily heart palpitations, which were not diagnosed until a doctor's appointment on November 16, 2021.  Pryor contends that his emotional-distress claims are tolled to the appointment date under the discovery rule.  However, the medical record Pryor submitted as evidence of his diagnosis, and as noted in J.B. Hunt's brief, states that Pryor "reports daily palpitations since he had COVID in 08/21."  The trial court did not address a latent injury or tolling in its decision, nor did it address either issue elsewhere in the record.

¶8.	Based on the above-listed events, Pryor filed a lawsuit in the United States District Court for the Northern District of Mississippi on June 21, 2023, which was dismissed for lack of subject-matter jurisdiction.  Pryor then filed suit in the Pontotoc County Circuit Court on July 8, 2024, asserting claims for malicious prosecution and intentional and/or negligent infliction of emotional distress. J.B. Hunt filed a motion to dismiss or, alternatively, a motion for summary judgment.

¶9.	The trial court granted J.B. Hunt's motion for summary judgment, and Pryor appealed.

## STANDARD OF REVIEW

¶10.	We review a court's ruling on a Rule 56 motion for summary judgment *de novo*: "It

3

is well-settled that appellate review of the trial court's grant or denial of a motion for summary judgment requires the application of de novo review." *Adams v. Graceland Care Ctr. of Oxford, LLC*, 208 So. 3d 575, 579 (Miss. 2017) (citing *Copiah Cnty. v. Oliver*, 51 So. 3d 205, 207 (¶ 7) (Miss. 2011) (citing *Monsanto v. Hall*, 912 So. 2d 134, 136 (Miss. 2005))).

¶11.    The parties bear the same burdens of producing evidence that they would bear at a trial. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88-89 (¶ 11) (Miss. 2013) (citing *Daniels v. GNB, Inc.*, 629 So. 2d 595, 600 (Miss. 1993)).  Here , J.B. Hunt bears the burden of persuading the Court that no issue of material fact exists, and Pryor bears the burden of producing competent evidence that demonstrates the existence of a material issue of fact. *Id.*

## DISCUSSION

¶12.    The issues Pryor raises on appeal are based upon whether the trial court correctly applied the statute of limitations to his emotional-distress and malicious-prosecution claims. Rule 28(a)(3) of the Mississippi Rules of Appellate Procedure says that "[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court." M.R.A.P. 28(a)(3).

### Nature of the Emotional-Distress Claim

¶13.    In his complaint, Pryor asserts a claim for "garden-variety" emotional distress.  The complaint does not specify whether the claim sounds in intentional or negligent infliction of

emotional distress. Both negligent and intentional infliction of emotional distress fall under Mississippi's three-year statute of limitations found in Mississippi Code Section 15-1-49 (Rev. 2019). *See GEICO Cas. Co. v. Stapleton*, 315 So. 3d 464, 467-69 (¶¶ 7-17) (Miss. 2021).

¶14.    Under the three-year limitations period, Pryor's emotional-distress claim would have accrued on September 11, 2019, the date of his arrest, and it would have expired on September 11, 2022. The present action, which was filed on July 8, 2024, was therefore untimely. Pryor contends, however, that he suffered a latent injury that was not discovered until a doctor's appointment on November 16, 2021. He argues that the statute of limitations should therefore be tolled under the discovery rule, which provides: "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2) (Rev. 2019). In *Angle v. Koppers, Inc.*, 42 So. 3d 1 (Miss. 2010), the Court clarified the accrual of claims under the discovery rule. The *Angle* Court held that under Section 15-1-49(2), "the cause of action accrued upon discovery of the injury, *not discovery of the injury and its cause.*" *Angle*, 42 So. 3d at 5 (¶ 9). In his response to J.B. Hunt's motion for summary judgment, Pryor argued, "Plaintiff was unaware of what was causing his health problems until November 16, 2021 . . . ." On that day, Pryor saw a doctor who, he contends, tied preexisting health issues to emotional distress. Under *Angle*, Pryor's ignorance of the cause of his injuries is not relevant

as long as he knew of the injuries themselves, and he admits knowing of them in the above-quoted response.

¶15. "The question of whether a statute of limitations is tolled by the discovery rule often turns on the factual determination of 'what the plaintiff knew and when.'" *Raddin v. Manchester Educ. Found., Inc.*, 175 So. 3d 1243, 1249 (¶ 13) (Miss. 2015) (internal quotation marks omitted) (quoting *Stringer v. Trapp*, 30 So. 3d 339, 342 (Miss. 2010)). Pryor's response to the motion for summary judgment makes clear that he knew of his injuries well before the doctor's visit he points to as the accrual point for his claim. Accordingly, the trial court did not err by granting J.B. Hunt's motion for summary judgment as to Pryor's emotional-distress claim.

### Nature of the Malicious-Prosecution Claim

¶16. To prevail on a claim for malicious prosecution, a plaintiff must establish six elements as laid out in *Strong v. Nicholson*: "(1) the institution of a criminal proceeding; (2) by, or at the instance of, the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) the plaintiff's suffering of injury or damage as a result of the prosecution." *Strong v. Nicholson*, 580 So. 2d 1288, 1293 (Miss. 1991). It is the third element, favorable termination, that is being contested here. J.B. Hunt contends that Pryor cannot satisfy the third element because the criminal case did not terminate in his favor. The record reflects that Pryor moved to dismiss the charges, but the trial court did not grant that motion. Instead,

the charges were "retired to file." The record does not explain why the case was retired to the file, or whether the State intended to pursue it further. Pryor instead relies on a later order of expungement as proof that the prosecution terminated in his favor.

¶17.    A malicious-prosecution cause of action cannot accrue until the underlying criminal proceeding has terminated in the plaintiff's favor. *Id.* Until that termination occurs, the claim is not complete, and the statute of limitations cannot begin to run. *Id.*

¶18.    Mississippi law makes clear that not every procedural end to a prosecution constitutes a favorable termination for purposes of malicious prosecution. *See Stewart v. Se. Foods, Inc.*, 688 So. 2d 733, 737 (Miss. 1996). A termination that is not grounded in the merits or does not reflect the accused's innocence will not satisfy the element. *See Bearden v. BellSouth Telecomms., Inc.*, 29 So. 3d 761, 766 (¶ 12-14) (Miss. 2010); *Stewart*, 688 So. 2d at 737. In *Bearden*, 29 So. 3d at 766 (¶ 12-14), the Supreme Court held that dismissal for lack of jurisdiction did not qualify as a favorable termination because it was not a resolution on the merits. Likewise, a dismissal based on mercy or leniency does not constitute favorable termination because "a belief that the accused is guilty" remains. *Stewart*, 688 So. 2d at 737.

¶19.    At the same time, Mississippi law recognizes that a prosecution need not end in an acquittal to satisfy the favorable-termination requirement. The Mississippi Supreme Court has held that abandonment of the prosecution is sufficient: "The requirement of termination is satisfied by showing that the civil suit upon which the malicious prosecution claim is based was abandoned." *Joiner Ins. Agency, Inc. v. Principal Cas. Ins. Co.*, 684 So. 2d 1242, 1244

7

(Miss. 1996) (citing 52 Am. Jur. 2d *Malicious Prosecution* § 42 (1970)). Consistent with that principle, the Court of Appeals held that when criminal charges were remanded to the file and no longer pursued, the termination element was met because "[a]lthough he was not actually acquitted, he was not convicted, and the charges were no longer being pursued." *Hyer v. Caruso*, 102 So. 3d 1232, 1236 (¶ 13) (Miss. Ct. App. 2012). A case that is merely "retired to file" is not necessarily terminated; it may be reopened and prosecuted at any time. However, under *Joiner* and *Hyer*, if the retirement to the file was because of abandonment in the sense that the State ceased pursuing the charges and allowed the prosecution to lapse, then the criminal proceeding terminated at that point, and the malicious-prosecution claim accrued at that time.

¶20. Pryor's assertion that the order of expungement serves as favorable termination from which the cause of action accrues is incorrect. An order of expungement does not terminate a criminal procedure; it removes records after a prosecution has ended. An order of expungement may be used as evidence of a favorable termination, but it cannot itself constitute a favorable termination alone. *See* *Scribner v. Dillard*, 269 F. Supp. 2d 716, 719-20 (N.D. Miss. 2003).

¶21. The record here is silent as to why the charges were retired to the file. Malicious-prosecution claims are subject to the Mississippi Code Section 15-1-35 (Rev. 2019) one-year statute of limitations. The charges were retired to the file August 10, 2021; therefore, the one-year statute of limitations expired August 10, 2022. Pryor filed the current lawsuit on

8

July 8, 2024. Accordingly, even if Pryor's claim for malicious prosecution accrued on the date the charges were retired to the file, the statute of limitations had passed long before he filed the current lawsuit.

## CONCLUSION

¶22. The Circuit Court of Pontotoc County's order granting summary judgment in favor of J.B. Hunt is affirmed.

¶23. **AFFIRMED.**

**RANDOLPH, C.J., ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**